SMITH (WALKER v.). See Cases Nos. 17,-086 and 17,087.

---

## Case No. 13,123b.

### SMITH v. WASHINGTON.

[2 Hayw. & H. 220.][1]

Circuit Court, District of Columbia. May 23, 1856.[2]

MUNICIPAL CORPORATIONS — GRADING STREETS — COMPENSATION FOR INJURIES RESULTING.

The corporation of the city of Washington has power to regrade the streets of the city under its charter, without making compensation for individual injuries, unless in exercising the power given it acted corruptly or with a design to injure; the power is a continuing power, to be exercised whenever deemed proper.

At law. This action was brought by the plaintiff [Ann C. Cushing, for the use of Caleb Cushing] for injury sustained by the grading of K street in front of her premises in Franklin Row, in doing which they cut down that street some five or six feet, injuring, as she alleged, the value and use of her house. From the evidence it appeared that the street had been graded under the direction of the corporation in 1830, and had remained at that grade until the summer of 1851, when the street was cut down by direction of the defendants some two feet, and then gravelled and left, and in the fall of the same year they caused it to be again graded by cutting it down about three feet more. The grading destroyed the shade trees in front of plaintiff's premises, and rendered a stone wall in front and other improvements necessary for the convenient use of her house. No compensation was made by the city for the injury sustained. The plaintiff sought to recover the expenses incurred and damages sustained by these gradings in 1851. The defendants insisted that the general public good required the alterations made in the grade. The case finally turned upon a question of law. The defendants contended that they had, under the act of congress, the right to regrade whenever, in their judgment, it was necessary and proper, and that they were not responsible in damages unless the plaintiff showed that they acted corruptly, or with the malicious design of injuring the plaintiff. On the other side it was insisted that when the corporation had established the grade of a street, they had no power so to change it as to injure private property without making compensation to the owner, as had been done in three cases out of seven in the grading in front of Franklin Row.

R. H. Gillette, for plaintiff.
J. H. Bradley, for defendant.

---

THE COURT instructed the jury that the corporation had the power to regrade the streets of the city of Washington, under their charter, without making the compensation for individual injuries, unless the plaintiff showed that they had acted corruptly or with the design to injure; and that the jury must presume that they acted legally until one of these things was proved. They held that the power to grade was a continuing power, to be exercised whenever they deemed it proper to do so.

The jury under these instructions rendered a verdict in favor of the defendants.

[This judgment was affirmed by the supreme court, where it was carried on writ of error. 20 How. (61 U. S.) 135.]

---

## Case No. 13,124.

### SMITH et al. v. WATSON.

[1 Cranch, C. C. 311.][1]

Circuit Court, District of Columbia. June Term, 1806.

BAIL—AFFIDAVIT.

An affidavit to hold to bail must be positive. [Cited in Graham v. Konkapot, Case No. 5,-670; Lee v. Welch. Id. 8,204; Travers v. Hight, Id. 14,151; Clarke v. Druet, Id. 2,-850.]

Motion by Mr. Caldwell, for defendant [John F. Watson], to appear without bail. The cause of action was an account and affidavit by one of the plaintiffs, that the above account, as stated, is "true and correct, according to the best of his knowledge and belief." 1 Sell. Prac. 112.

PER CURIAM. The affidavit is not sufficient to hold to bail. It is not such as would support a prosecution for perjury. In general the court will rule bail upon the production of any written instrument purporting to be signed or sealed by the defendant, whereby he promises or obliges himself to pay a certain sum of money or quantity of tobacco, without an affidavit. In other general cases they will require an affidavit stating a certain sum due for the debt or damages, or that damages have been sustained to some certain amount; and if the cause of action arise upon an open account, the affidavit ought to be at least as certain and positive as that which the act of assembly of Maryland, 1729 (chapter 20, § 9), requires to make the account evidence in cases where the dealings do not exceed £10 in one year. See Graham v. Konkapot [Case No. 5,670].

---

## Case No. 13,125.

### SMITH v. WELSH.

[See Case No. 13,126.]

---

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]
[2] [Affirmed in 20 How. (61 U. S.) 135.]

[1] [Reported by Hon. William Cranch, Chief Judge.]